UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SERENA RUIZ,

   Plaintiff,        Hon. Paul L. Maloney

v.              Case No. 1:26-cv-382

BRIAN GOTTLIEB,

   Defendant.

_____/

## REPORT AND RECOMMENDATION

For the reasons articulated herein, the undersigned recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 636(b)(1)(B) for Plaintiff's failure to prosecute and to comply with the Court's orders.

### I. Background

Plaintiff initiated this action on February 5, 2026, against Brian Gottlieb. (ECF No. 1). On February 5, 2026, the Court ordered Plaintiff to submit an amended application to proceed *in forma pauperis* within 21 days on the correct form. (ECF No. 4). The Order was returned to the Court on February 24, 2026, and the Notice of Receipt of Case (ECF No. 3) was returned to the Court on February 26, 2026, as "Unable to Forward" and "Return to Sender," respectively. (ECF Nos. 6, 7). Several weeks have passed since the Court's February 26, 2026 deadline to submit an amended application, and Plaintiff has failed to comply.

## II. Analysis

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* FED. R. CIV. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Further, Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." W.D. MICH. LCIVR 41.1. On two separate occasions, items that the Court attempted to mail to Plaintiff were returned because Plaintiff has failed to provide the Court with her current mailing address. (ECF Nos. 6, 7). Plaintiff's conduct unfairly prejudices Defendant's ability to defend against Plaintiff's claims.

Accordingly, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Dated: March 17, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge